UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EVAN STUART SINICIN,

                Plaintiff,

                -against-

JUDGE JESSICA E. GARGIN, *et al.*,

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
26-CV-2358 (OEM) (RML)

ORELIA E. MERCHANT, United States District Judge:

On April 21, 2026, *pro se* plaintiff Evan Stuart Sinicin ("Plaintiff") filed this 42 U.S.C. § 1983 ("Section 1983") action against Judge "Jessica Earle Gargin"[1] of the Queens County Supreme Court, Criminal Term ("Judge EG"); Melinda Katz, the Queens County District Attorney ("DA Katz"); Mary Beth Anderson, a Queens County Court Officer ("Officer Anderson"); and Jose Figueroa, a Queens County Court Officer ("Officer Figueroa") (collectively, "Defendants"). *See generally* Civil Rights Complaint at 1-3, Dkt. 1 ("Complaint" or "Compl.").[2]  On May 13, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis*.  *See generally* Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2 ("IFP Motion").  Plaintiff's IFP Motion is granted and, for the reasons stated below, the Complaint is dismissed without prejudice.  Plaintiff may file an amended complaint within 30 days from the date of this order.

**BACKGROUND**[3]

Plaintiff is currently incarcerated on Rikers Island in East Elmhurst, New York.  Compl. at

---

[1] Plaintiff misspells Judge Earle-Gargan's name as "Jessica Earle Gargin."  Civil Rights Complaint at 2, Dkt. 1.

[2] When citing the Complaint, the Court refers to the page numbers contained in the automatically generated ECF header.

[3] The following facts are taken from the Complaint and assumed to be true for the purposes of determining whether Plaintiff has stated a claim on which relief may be granted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1.  On "April 11, 2024[,] and continuing until this very day, at the . . . Queens Criminal Court," Plaintiff contends that he:

> was misled, defamed, civil rights infringed, threatened, physically injured, psychologically injured, threatened with violence, threatened with prison sentences and increased illegal detainment time, was lied to, information withheld, was manipulated and threatened that the court would label the defendant as "crazy" or be committed against his will by 730 and other court procedures if [Plaintiff] did not comply with the court demands, or accept the plea deal.  [Plaintiff] was set-up for a fake violation, following all procedures per the court requirements.  [Plaintiff] was targeted for discrimination for his religion, and was told that being Jewish is a disability.

*Id.* at 4.  Plaintiff claims to have suffered a "[b]roken nose with permanent deformity, medical treatment was denied . . . [and he was] stabbed and cut on [the] face with [a] knife while in custody at Rikers Island.  [Plaintiff] was defamed and made to be considered disabled by the court to defraud him out of moneys owed to him, as conspiracy to make [him] appear unfit." *Id.*  Plaintiff does not ascribe any of these actions to any specific Defendant or Defendants. *Id.*  Plaintiff seeks $3 million "for physical pain and deformity" and $3 million for "psyc[h]ological trauma, loss of livelihood, [and] loss of property." *Id.* at 5.

## LEGAL STANDARD

When a prisoner seeks redress from a governmental entity or from governmental officers or employees, 28 U.S.C. § 1915A requires courts to screen the prisoner's complaint.  A court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  When a motion to proceed *in forma pauperis* is filed, courts must similarly dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

2

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

With that said, a *pro se* complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, the "basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (per curiam) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

## DISCUSSION

To the extent that Plaintiff sues Defendants in their official capacities, Plaintiff's claims are barred by the Eleventh Amendment of the U.S. Constitution ("Eleventh Amendment").[4] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States

---

[4] "Whether a federal court has subject matter jurisdiction is a question that 'may be raised at any time . . . by the court *sua sponte.*" *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000)). Because sovereign immunity implicates this Court's subject-matter jurisdiction, the Court considers it here. *Id.*

by Citizens of another State, or by Citizens or Subjects of any Foreign State." Interpreting this language, the Supreme Court has held, among other things, that the Eleventh Amendment bars suits against a state by one of its own citizens. *See, e.g.*, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This bar extends to claims against state employees because suing a state employee in their official capacity equates to a suit against the state itself. *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). With that said, an individual may sue a state where the state has waived its sovereign immunity or where Congress has authorized "such a suit in the exercise of its power to enforce the Fourteenth Amendment." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Neither of these exceptions, however, applies here. "It is well-established that New York has not consented to § 1983 suits in federal court," *see Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010), and Congress did not limit that immunity when it enacted Section 1983, *see id.*; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). *See, e.g.*, *Hall v. Salaway*, 20-CV-4651 (GRB)(AKT), 2021 WL 826169, at *5-6 (E.D.N.Y. Mar. 3, 2021) (dismissing claims brought by a *pro se* plaintiff against a state governor, judge, and prosecutors as barred by the Eleventh Amendment); *London v. Nassau Cnty. Dist. Att'y Off.*, 20-CV-3988(JS)(AKT), 20-CV-3989(JS)(AKT), & 20-CV-3990(JS)(AKT), 2020 WL 7699644, at *7-8 (E.D.N.Y. Dec. 28, 2020) (similarly dismissing claims brought by a *pro se* plaintiff against state judges and prosecutors, among others, as barred by the Eleventh Amendment).

To the extent that Plaintiff asserts claims against Judge EG and DA Katz in their individual capacities, such claims are barred by absolute immunity.[5] Judges possess absolute immunity from

---

[5] "[A]lthough absolute immunity is an affirmative defense whose availability depends on the nature of the function being performed by the defendant official who is alleged to have engaged in the challenged conduct, the nature of that function is often clear from the face of the complaint. In that circumstance, the absolute immunity defense may be

4

suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *see Kellogg v. Nichols*, 170 F.4th 20, 24-25 (2d Cir. 2026), *reh'g denied*, 23-8093, 2026 WL 1872047 (2d Cir. June 30, 2026). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Here, Plaintiff has not alleged that Judge EG has taken any nonjudicial actions or acted outside of her jurisdiction that would vitiate her immunity. *See, e.g.*, *London*, 2020 WL 7699644, at *7-8 (dismissing claims against state judges under 28 U.S.C. § 1915A and 28 U.S.C. § 1915 due to absolute judicial immunity); *Hall*, 2021 WL 826169, at *5-6 (same); *Vazquez v. City of New York*, 21 Civ. 1573 (PAE), 2021 WL 1966397, at *9-10 (S.D.N.Y. May 17, 2021) (same).

Likewise, "[i]t is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (alteration in original) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction. *Shmueli*, 424 F.3d at

---

resolved as a matter of law on a motion to dismiss the complaint pursuant to Rule 12(b)(6)." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citations omitted).

237. Plaintiff names DA Katz as a defendant, but he does not allege that she acted without jurisdiction or outside of her prosecutorial role. *See, e.g.*, *London*, 2020 WL 7699644, at \*8 (dismissing Section 1983 claims against state prosecutors under 28 U.S.C. § 1915A and 28 U.S.C. § 1915 due to prosecutorial immunity); *Hall*, 2021 WL 826169, at \*5-6 (E.D.N.Y. Mar. 3, 2021) (same); *Vazquez*, 2021 WL 1966397, at \*10 (same).

Even if the above immunities did not apply, the Complaint fails to allege personal involvement by each named defendant, a requirement under Section 1983. To state a claim under Section 1983, a plaintiff must allege that the complained-of conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). A plaintiff must state that each of the named defendants was personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff names Judge EG, DA Katz, Officer Anderson, and Officer Figueroa as defendants, but the Complaint fails to assert that any Defendant was personally involved in any wrongdoing or misconduct.

## CONCLUSION

Accordingly, Plaintiff's action is dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii); FED. R. CIV. P. 8(a)(2). In light of Plaintiff's *pro se* status, Plaintiff is granted 30 days to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596-98 (2d Cir. 2000).

If Plaintiff chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting each claim. Plaintiff should describe what each named Defendant or Defendants did or did not do and how each Defendant caused Plaintiff injury. Plaintiff must also provide the dates and locations for each relevant event. Finally, Plaintiff must set forth the remedy he seeks. Plaintiff is advised that an amended complaint completely replaces the Complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint. The amended complaint must be captioned "Amended Complaint" and include docket number 26-CV-2358 (OEM) (RML). For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Federal Pro Se Legal Assistance Project is not a part of, or affiliated with, the Court.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to file an amended complaint within 30 days of the date of the entry of this order, judgment shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is additionally directed to send a copy of this order to Plaintiff and to

7

note the mailing on the docket.

       SO ORDERED.

                                            /s/

                                       ORELIA E. MERCHANT
                                       United States District Judge

July 14, 2026
Brooklyn, New York

8